**Helen L. PHILLIPS, Petitioner,**

v.

**DEPARTMENT OF THE INTERIOR, Respondent.**

**No. 00–3013.**

United States Court of Appeals, Federal Circuit.

Jan. 4, 2001.

Before RADER, BRYSON, and GAJARSA, Circuit Judges.

DECISION

BRYSON, Circuit Judge.

Helen L. Phillips petitions for review of the final decision of the Merit Systems Protection Board, in which the Board upheld her removal from her position as a park ranger with the National Park Service. Because neither the Department of the Interior nor the Board clearly articulated the standard to be applied in determining the appropriate penalty for false statements such as the one at issue in this case, we *vacate* the Board's decision and *remand* the case to the Board for further proceedings.

BACKGROUND

In 1990, Ms. Phillips, who was then a temporary employee of the National Park Service, applied for a permanent position as a law enforcement park ranger. As

required for that position, Ms. Phillips completed the Office of Personnel Management's Standard Form 86 (SF–86), "Questionnaire for Sensitive Positions." Item 25 of the SF–86 asked, "Have you ever had a nervous breakdown or have you ever had medical treatment for a mental condition?" Ms. Phillips answered "no" to that question.

In 1997, after she had been selected for the park ranger position, Ms. Phillips was questioned about the SF–86 in a deposition that was taken in connection with an employment discrimination suit she had filed. In response to the questions, she stated that she had been treated for depression and thus had given a false answer to item 25 of the SF–86. Based on her statements during the deposition, the Park Service issued a notice of proposed removal, asserting that Ms. Phillips had willfully falsified a material fact in documents related to her employment by answering "no" to item 25 of the SF–86. The Park Service subsequently found the charge to be sustained and removed her from her position.

Ms. Phillips appealed the removal action to the Merit Systems Protection Board. After an evidentiary hearing, the administrative judge who was assigned to the case upheld the removal. Ms. Phillips petitioned for review by the full Board, which denied the petition by a 2–to–1 vote, with Vice Chair Slavet dissenting.

## DISCUSSION

In her petition for review to this court, Ms. Phillips does not challenge the underlying charge of falsification. Rather, she argues that the penalty of removal was improper. Her principal contention is that the penalty of removal was unauthorized because it exceeded the maximum penalty permitted under the applicable table of penalties.

The Park Service officials applied the table of penalties contained in the Interior Department's Disciplinary Action Guide. Although the Park Service has its own Disciplinary Action Guide, which contains a separate schedule of offenses and penalties, the agency officials found paragraph 30 of the Department's Guide to be the provision most directly applicable to Ms. Phillips's offense. That paragraph specifically addresses falsifications in connection with employment applications or personal history records, while the falsification paragraph of the Park Service's Guide (paragraph 24) refers to falsifications, misrepresentation, and concealment of material facts "in connection with work, or in any record or investigation or other proceeding...." The government acknowledged at oral argument that paragraph 30 of the Interior Department's Disciplinary Action Guide was the proper penalty provision for the agency to apply, and we agree.

Paragraph 30 of the Department's Guide contains two clauses. The first clause, paragraph 30(a), designates removal as the sole penalty when an employee makes a falsification "with respect to a material fact or point which would have adversely affected selection for appointment." The second clause, paragraph 30(b), provides for penalties ranging from a reprimand to a five-day suspension in the case of a first offense of falsification "with respect to a less important fact or point which would not have adversely affected selection for appointment." A subsequent violation can lead to penalties ranging from a 10–day suspension to removal.

Ms. Phillips interprets the phrase "would have adversely affected selection for appointment" in paragraph 30(a) to mean that the agency must prove that the falsification in question resulted in a different selection decision than would have occurred if a truthful answer had been given. She contends that a truthful answer would not necessarily have led to her nonselection for the park ranger position, because

receiving treatment for a mental condition does not necessarily disqualify an applicant, and because full disclosure of the treatment she received would not have led to her disqualification. Accordingly, she argues that paragraph 30(a) is inapplicable and that paragraph 30(b) should have been applied instead. Because paragraph 30(b) does not permit removal for a first offense, Ms. Phillips submits that if paragraph 30(a) is inapplicable, her removal was an abuse of discretion.

An agency's interpretation of its disciplinary guidelines is entitled to deference. But it is unclear from the record how the Interior Department interprets paragraph 30(a) of its Disciplinary Action Guide, and thus it is not evident what interpretation we should be deferring to.

To the extent that they focused on the issue, the Park Service officials who participated in the process leading to Ms. Phillips's removal did not make clear how the agency interprets paragraph 30(a). Testimony by the deciding official, Mr. Everhardt, suggests that he interpreted paragraph 30(a) to require the agency to establish that a truthful answer would have led to Ms. Phillips's nonselection. Mr. Everhardt testified that he believed paragraph 30(a) was applicable because the falsification "did not provide for the opportunity of ... an investigation that would [have] looked into the matters of the mental health of Ms. Phillips" and that if Ms. Phillips had answered item 26 truthfully, "there would have been a disqualification from consideration as appointment to a law enforcement ranger." The proposing official, Mr. Fox, seemed to interpret paragraph 30(a) as requiring only that a truthful answer would have led to an investigation, not that a truthful answer would have led to Ms. Phillips's disqualification for the park ranger position. Asked how he could testify "that had Ms. Phillips disclosed that she sought treat-ment for a mental condition that that would have adversely affected her selection," Mr. Fox responded, "Because it opens up an area of inquiry that would ... adversely affect the selection process and it would need to be examined had we been aware." Other agency officials, Mr. Aull and Mr. Frederick, were questioned on the same subject, but their testimony left it unclear what meaning they ascribed to paragraph 30(a).

Likewise, the Department has offered varying interpretations to this court. The Department's brief relied on the argument that a truthful answer would have resulted in Ms. Phillips's nonselection. At oral argument, however, the Department adopted the position that paragraph 30(a) is applicable if a truthful answer would have resulted in further inquiry, even if the answer would not necessarily have led to nonselection.

The Board did not offer an interpretation of paragraph 30(a). The administrative judge simply noted, paraphrasing the language of paragraph 30(a), that the agency officials "all testified that they believed that an agency disciplinary guide applied, which listed removal as the only option where an employee falsified a material fact which *would have* adversely affected her selection for appointment" (emphasis in opinion). The administrative judge then added, however, that the agency's witnesses "all agreed in their testimony ... that appellant's mental health history would not necessarily have barred her appointment." To the extent that that statement constitutes a finding that the falsification in this case did not necessarily result in a different selection decision, the interpretation of paragraph 30(a) is critical. Under such a finding, removal would not be justified if paragraph 30(a) were interpreted to require the falsification to lead to a different selection decision, but it could be justified if paragraph 30(a) were

interpreted only to require the falsification to affect the selection process, such as by denying the agency the opportunity to investigate a matter pertinent to the employment decision.

Because the interpretation of paragraph 30(a) of the Interior Department's Disciplinary Action Guide appears to be critical to the decision in this case in light of the administrative judge's characterization of the agency witnesses' testimony, we remand this case to the Board to ascertain the proper construction of paragraph 30(a) and to make the findings necessary to determine whether Ms. Phillips's falsification falls within the scope of that provision. We have considered and reject without discussion Ms. Phillips's other arguments challenging the penalty imposed in this case.