NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3083

HELEN L. PHILLIPS,

Petitioner,

v.

DEPARTMENT OF THE INTERIOR,

Respondent.

_____

DECIDED:  April 6, 2005

_____

Before CLEVENGER, RADER, and BRYSON, <u>Circuit Judges</u>.

BRYSON, <u>Circuit Judge</u>.

Helen L. Phillips petitions for review of the final decision of the Merit Systems Protection Board, Docket No. DC-0752-98-0148-M-1, in which the Board upheld her removal from her position as a park ranger with the National Park Service.  We <u>affirm</u>.

I

Ms. Phillips was a temporary employee of the National Park Service in 1990 when she applied for a permanent position as a law enforcement park ranger.  She completed the Office of Personnel Management's Standard Form 86 (SF-86), "Questionnaire for Sensitive Positions," as required for that position.  Ms. Phillips answered "no" to item 25 of the SF-86, which asked "[h]ave you ever had a nervous

breakdown or have you ever had medical treatment for a mental condition?" The agency's regulations state that an applicant for a law enforcement commission whose background check produces "a history of . . . mental or emotional instability" shall be disqualified.

Ms. Phillips was selected for the law enforcement park ranger position. Seven years later, however, she admitted during a deposition taken in connection with an employment discrimination suit that she had been treated for depression prior to her employment with the Park Service. She further admitted that her answer to item 25 on the SF-86 was inaccurate. The Park Service subsequently issued a notice of removal, charging Ms. Phillips with willful falsification of a document related to her attaining employment. Ms. Phillips denied the charge, but the deciding official found the charge sustained and removed her from her position.

Ms. Phillips appealed her removal to the Merit Systems Protection Board. The administrative judge assigned to Ms. Phillips's case held a hearing and upheld the Park Service's decision to remove her. Ms. Phillips then petitioned to the full Board, which denied her petition by a 2-to-1 vote. Ms. Phillips then petitioned for review by this court.

In this court, Ms. Phillips argued, inter alia, that the penalty of removal exceeded the maximum penalty permitted under the table of penalties in paragraph 30 of the Interior Department's Disciplinary Action Guide. Paragraph 30 has two clauses. The first, paragraph 30(a), designates removal as the penalty when an employee makes a falsification, misrepresentation, or omission of fact in connection with an application for employment "[w]ith respect to a material fact or point which would have adversely affected selection for appointment." The second, paragraph 30(b), applies to a similar

falsification, misrepresentation or omission of fact "[w]ith respect to a less important fact or point which would not have adversely affected selection for appointment." Paragraph 30(b) provides penalties for a first offense ranging from a reprimand to a five-day suspension. Ms. Phillips argued that the phrase "adversely affected for selection" in paragraph 30(a) required the Park Service to prove that she would not have been selected for the park ranger position if she had given a truthful answer to item 25. In the absence of a showing that a truthful answer would have resulted in her nonselection, she contended, paragraph 30(b) of the table of penalties should apply, which would limit the maximum penalty for her offense to a five-day suspension.

This court vacated the Board's decision and remanded for further proceedings. We agreed with the government and the Board that an agency's interpretation of its own disciplinary guidelines is entitled to deference, but we noted that Park Service officials did not make clear how the agency interpreted the disputed phrase in paragraph 30 of the penalty guidelines in the Interior Department's Disciplinary Action Guide. See Phillips v. Dep't of the Interior, 1 Fed. Appx. 876, 878 (Fed. Cir. 2001). In particular, we noted that the agency and its witnesses offered arguably inconsistent interpretations of the guidelines. The agency argued in its brief in that case that paragraph 30(a) applied because Ms. Phillips would not have been selected if she had answered truthfully. At oral argument, however, the agency argued that paragraph 30(a) applied because the agency would have inquired further into her mental suitability had Ms. Phillips answered item 25 truthfully. In light of the lack of clarity about the agency's own interpretation of its guidelines, we remanded to the Board to "ascertain the proper construction of

paragraph 30(a) and to make the findings necessary to determine whether Ms. Phillips's falsification falls within the scope of that provision." Id.

On remand, the administrative judge concluded that there was no further available evidence on the question of the proper interpretation of the agency's penalty guidelines. The administrative judge also noted that there was no way to ascertain whether a truthful answer to item 25 would have resulted in Ms. Phillips's nonselection, "because her false answer denied the agency the opportunity to delve into what clearly was a legitimate, important, and highly relevant area of inquiry." Because of her falsification, the administrative judge explained, "the agency was not able to make an informed suitability decision about appellant's law enforcement officer qualifications." The administrative judge also noted that under Ms. Phillips's interpretation, paragraph 30(a) would apply only in the rare case in which the agency could demonstrate that a truthful answer would have resulted in nonselection; the administrative judge concluded that it was highly unlikely that the agency would have imposed such a restriction on itself. The "more logical and likely intended meaning" of paragraph 30(a), the administrative judge explained, was the one offered by the agency: that paragraph 30(a) applies "where the falsification concerned a significant matter about which there would have been further inquiry had the applicant answered truthfully." Under that standard, the administrative judge found that the agency properly held paragraph 30(a) applicable because if Ms. Phillips had answered item 25 truthfully, the agency would have inquired into her mental suitability for the law enforcement position.

On Ms. Phillips's petition for review of the administrative judge's decision, the full Board upheld the agency's interpretation of paragraph 30(a) as applying if the

falsification adversely affected the selection process, even if the truthful answer would not necessarily have resulted in a nonselection decision. If the agency had intended for paragraph 30(a) to require a truthful answer to lead to a different selection decision, the Board held, "it would have specified paragraph 30(a) to designate removal where a falsification would have resulted in 'non-selection' for appointment, as opposed to 'adversely affect' selection for appointment." The Board explained that item 25 did not appear to have been "designed to directly impact an applicant's selection based on a positive response," but instead was intended to give the agency an opportunity to "investigate into a relevant area regarding the suitability requirement of mental and emotional stability if a positive response is given." Based on that interpretation of paragraph 30(a), the Board found that Ms. Phillips's falsification of item 25 fell within the scope of that penalty guideline. The Board further found that under all the circumstances, the removal penalty was within the bounds of reasonableness. This appeal followed.

## DISCUSSION

On appeal, Ms. Phillips makes three arguments as to why the Board's decision was erroneous. First, she argues that there is no evidence that the agency interpreted paragraph 30(a) to apply when a truthful answer would have resulted in an inquiry into suitability, rather than outright non-selection. Second, she argues that the interpretation is inconsistent with the plain language of paragraph 30(a). Finally, she argues that any ambiguity in paragraph 30(a) should be construed against the agency and resolved in her favor.

Ms. Phillips's first argument is that there is no evidence that the agency actually interpreted paragraph 30(a) of the guideline to reach false statements that affect the selection process but as to which a truthful answer would not necessarily result in nonselection. We disagree. It is well settled that this court gives broad deference to an agency's interpretation of its own regulations. See Cathedral Candle Co. v. United States Int'l Trade Comm'n, No. 04-1083, slip op. at 14-15 (Fed. Cir. Mar. 9, 2005); Am. Express Co. v. United States, 262 F.3d 1376, 1382-83 (Fed. Cir. 2001); Krizman v. Merit Sys. Prot. Bd., 77 F.3d 434, 439 (Fed. Cir. 1996). More importantly in the context of this case, the "generous degree of deference" that is due to an agency's interpretation of its own regulations applies "even when that interpretation is offered in the very litigation in which the argument in favor of deference is made." Cathedral Candle, slip op. 14, citing Auer v. Robbins, 519 U.S. 452, 461-62 (1997). In its brief and at oral argument in this appeal, the Department of the Interior stated that it interpreted paragraph 30(a) to require removal when the falsification would have denied the agency the opportunity to investigate the applicant's mental suitability for employment as a law enforcement officer. In light of the standard applicable to agency interpretations of their own regulations, including interpretations offered "in the very litigation in which the argument in favor of deference is made," we agree with the Board that the agency's interpretation of its own penalty guidelines is entitled to deference.

Ms. Phillips argues that there is no evidence that the interpretation adopted by the Board is actually the agency's interpretation, and that the testimony of the agency officials with regard to what would have happened if Ms. Phillips had answered item 25 truthfully is inconsistent. It is true that, as we noted in the first appeal, there is some

apparent inconsistency in the testimony of different agency officials as to whether Ms. Phillips would have been rejected for the park ranger position if she had provided accurate information in response to item 25. All of the agency officials testified, however, that if Ms. Phillips had answered item 25 truthfully, the agency would have conducted an investigation into her mental suitability for the position. The testimony of the four agency officials is therefore consistent that a truthful answer would have provoked a further inquiry into Ms. Phillips's suitability, and that the falsification therefore denied the agency an opportunity to investigate her mental suitability further. Because the agency's position is that paragraph 30(a) applies when a falsification denies the agency the opportunity to investigate a matter material to selection, it is not necessary for the agency to show under that interpretation that Ms. Philips would not have been selected if she had answered item 25 truthfully.

Ms. Phillips argues that the agency's interpretation of paragraph 30(a) is inconsistent with the plain language of that provision, which she contends requires that the agency prove that the falsification in question would have led to the applicant's nonselection. We do not agree that the language of paragraph 30(a) compels that interpretation. The regulation refers to a falsification with respect to a material fact "which would have adversely affected selection for appointment." That language is susceptible to at least two plausible interpretations: that the falsification affected the actual selection decision, i.e., that a truthful answer would have resulted in the applicant's nonselection; or that the falsification affected the selection process, i.e., that the false answer deprived the agency of an opportunity to investigate a matter that was important to the selection process. We agree with the Board that the second

interpretation, which the agency favors, is a reasonable interpretation of the regulatory language.

The reasonableness of the agency's interpretation is buttressed by the fact that, if Ms. Phillips's interpretation of the regulation were correct, an applicant for a position with the agency would have little or no disincentive to make false statements on the employment application. That is because, under Ms. Phillips's interpretation, if the falsification were discovered after the applicant was hired, the applicant would not be subject to removal from the position unless the item in question was one as to which, if the applicant had told the truth, the applicant would not have gotten the position in the first place. In that setting, an applicant would have an incentive to withhold unfavorable information because, even if the information came to light, concealing the information could not make the applicant worse off, with respect to obtaining and retaining the position, than disclosing the information. Moreover, we agree with the Board that if the agency had meant to limit paragraph 30(a) to cases in which the falsification would have led to non-selection, it seems likely that the regulation would have said so explicitly. We therefore agree with the Board that the agency's interpretation of its regulation is at least as reasonable as Ms. Phillips's interpretation. And because the regulation is subject to differing plausible interpretations, we are required to defer to the agency's reasonable interpretation. Krizman, 77 F.3d at 439.

Finally, Ms. Phillips asserts, by analogy to the contract law principle of contra proferentem, that any ambiguity in paragraph 30(a) should be construed against the agency because the agency wrote the guidelines. Contract law principles, however, do not apply in this case. Instead, under the principle of deference to an agency's

interpretation of its own regulations, we defer to the agency's interpretation unless "it is plainly erroneous or inconsistent with the regulation." Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945); see also James v. Office of Pers. Mgmt., 372 F.3d 1365, 1369 (Fed. Cir. 2004); Torrington Co. v. United States, 156 F.3d 1361, 1363-64 (Fed. Cir. 1998). Since the agency's interpretation is neither plainly erroneous nor inconsistent with the guidelines, we agree that the Board correctly adopted the agency's interpretation of paragraph 30(a) in upholding Ms. Phillips removal, and we therefore affirm the Board's decision.