## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOYCE MOORE,<br>        Appellant, | DOCKET NUMBER<br>AT-0752-15-0288-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>        Agency. | DATE: April 15, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Elizabeth Morse</u>, Esquire, and <u>Stephanie Bernstein</u>, Esquire, Dallas, Texas,
   for the appellant.

<u>Tsopei Robinson</u>, Montgomery, Alabama, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1        The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The agency issued the appellant a notice of proposed removal for conduct unbecoming a Federal employee.  Initial Appeal File (IAF), Tab 4, Subtab 4h.  After receiving the appellant's written response, the deciding official sustained the charged misconduct and the appellant was removed.  *Id.*, Subtab 4j.  The appellant filed an appeal of the agency's action, and the administrative judge affirmed her removal.  IAF, Tab 19, Initial Decision (ID).  The administrative judge found that the agency had not proved the first of two specifications supporting the charge, but had proved the second specification that the appellant possessed money and cigarettes belonging to a resident of the Veterans Affairs Nursing Home where she worked.  ID at 3-7.  The administrative judge further found that the appellant had not been subject to a disparate penalty, her removal promoted the efficiency of the service, and the penalty of removal was within the bounds of reasonableness.  ID at 8‑10.

¶3        The appellant has filed a petition for review challenging the administrative judge's findings.  Petition for Review (PFR) File, Tab 1.  She argues that the agency did not prove that she committed the charged misconduct, that the

administrative judge failed to make proper credibility determinations, that the agency failed to establish a nexus between her misconduct and the efficiency of the service, that she was subjected to a disparate penalty, and that the penalty was unreasonable. *Id.* The agency has filed a response to the petition for review. PFR File, Tab 3.

The administrative judge properly sustained the conduct unbecoming charge.

¶4 A charge of conduct unbecoming contains no specific intent element and only requires proof that the appellant engaged in the conduct alleged in support of the broad label. *See Raco v. Social Security Administration*, 117 M.S.P.R. 1, ¶ 7 (2011). The administrative judge analyzed the evidence and sustained one specification of the charge. ID at 3-7. The appellant contends that the agency did not prove that she was responsible for all of the funds missing from the patient's account. PFR File, Tab 1 at 9. However, the agency did not charge the appellant with taking all of the funds. Rather, the sustained specification states that the appellant admitted to having the patient's money and cigarettes in her office. IAF, Tab 4, Subtab 4j. The record reflects that the appellant does not dispute that she kept the patient's money and cigarettes in her office. IAF, Tab 4, Subtab 4i at 4, Subtab 4e at 22‑23. The agency has proven that it was against policy for the appellant to possess a patient's money. IAF, Tab 4, Subtab 4p at 4. We discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105‑06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

¶5 The appellant asserts that the administrative judge failed to make proper credibility determinations. PFR File, Tab 1 at 15-17. Where, as here, no hearing was held and the administrative judge's findings were based only on the written record, the Board will give those findings only the weight warranted by the record and the strength of her conclusions. *White v. Department of Housing & Urban*

*Development*, [95 M.S.P.R. 299](#), ¶ 27 (2003); *Donato v. Department of Defense*, [34 M.S.P.R. 385](#), 389 (1987). However, the Board will not reconsider an administrative judge's factual findings simply based on an allegation that he failed to give sufficient weight to one party's evidence or gave too much weight to the other party's evidence. *Donato*, 34 M.S.P.R. at 389‑90. Here, the administrative judge relied primarily on the appellant's own statements in finding that she had in fact committed the misconduct charged. ID at 4-6. The administrative judge did not credit the appellant's contention that her supervisor knew about and condoned her misconduct because the appellant failed to support this contention with evidence such as an affidavit from the supervisor. ID at 5‑6.

¶6    The appellant argues that the administrative judge was influenced by allegations described in the evidence but not relied on by the agency to support the charge and penalty. PFR File, Tab 1 at 18-19. The record does contain evidence of alleged misconduct that was not relied on to support the sustained specification. *E.g.*, IAF, Tab 4, Subtabs 4*l*-4*o*. However, there is no indication that the administrative judge was prejudiced by this information. The appellant's bare allegation alone is an insufficient basis for disturbing the initial decision. The initial decision shows that the administrative judge considered the relevant evidence and came to reasonable conclusions. The appellant's contentions merely reargue the evidence presented to the administrative judge and disagree with his findings. We discern no basis for reweighing the evidence or disturbing the administrative judge's findings. *See Crosby*, 74 M.S.P.R. at 105‑06.

The agency has proven nexus between the appellant's misconduct and the efficiency of the service.

¶7    The appellant argues that there is no nexus between her misconduct and the efficiency of the service. PFR File, Tab 1 at 9. To prove nexus, the agency must show a clear and direct relationship between the articulated grounds for the adverse action and either the appellant's ability to accomplish her duties satisfactorily or some other legitimate Government interest. *Ellis v. Department*

*of Defense*, 114 M.S.P.R. 407, ¶ 8 (2010). An agency may establish nexus by showing that the employee's conduct (1) affected her or her coworkers' job performance, (2) affected management trust and confidence in the employee's job performance, or (3) interfered with or adversely affected the agency's mission. *Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 11 (2010). The appellant's supervisor stated that he no longer trusts that the appellant can perform her duties satisfactorily. IAF, Tab 4, Subtab 4s at 3. The appellant's misconduct is directly related to her duties as a patient escort. We agree with the administrative judge's finding that a nexus exists between the appellant's misconduct and the efficiency of the service. ID at 7.

The penalty of removal is reasonable.

¶8        The appellant argues that the penalty of removal was too harsh for her misconduct. PFR File, Tab 1 at 18. Where, as here, all of the agency's charges are sustained, but some of the underlying specifications are not sustained, the agency's penalty determination is entitled to deference and should be reviewed only to determine whether it is within the bounds or reasonableness. *Stack v. U.S. Postal Service*, 101 M.S.P.R. 487, ¶ 9 (2006). In determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *Woebcke v. Department of Homeland Security*, 114 M.S.P.R. 100, ¶ 7 (2010). The Board recognizes that its function is not to displace management's responsibility or to decide what penalty it would impose but to assure that management judgment has been properly exercised and that the penalty selected by the agency does not exceed the maximum limits of reasonableness. *Id.* The most important factor in assessing whether the agency's chosen penalty falls within the tolerable bounds of reasonableness is the nature and seriousness of the misconduct and its relation to the employee's duties, position, and responsibilities. *Edwards v. U.S. Postal Service*, 116 M.S.P.R. 173,

¶ 14 (2010). Here, the appellant's misconduct is directly related to the mission and her duties as a patient escort.

¶9        The appellant notes that, in response to her discovery requests, the agency provided examples of other employees removed for conduct unbecoming a Federal employee that involved patients' funds, but each of the cited examples is more egregious misconduct than her own. PFR File, Tab 1 at 12-14, 18. The appellant asserts that, because the misconduct committed by these employees was more egregious, she should have been subjected to a less severe penalty. *Id.* at 13-15. To trigger the agency's evidentiary burden on disparate penalties, the appellant must show that there is enough similarity between both the nature of the misconduct and other factors to lead a reasonable person to conclude that the agency treated similarly situated employees differently. *Boucher v. U.S. Postal Service*, 118 M.S.P.R. 640, ¶¶ 20‑24 (2012). Because the appellant has not identified employees whose misconduct was the same or similar to her own, she has not met this initial showing.[2] *Ellis v. U.S. Postal Service*, 121 M.S.P.R. 570, ¶ 11 (2014).

¶10        The appellant contends that the agency's table of penalties does not mandate removal for her misconduct. PFR File, Tab 1 at 10. The deciding official acknowledged that the specific charge of conduct unbecoming a Federal employee is not included in the table of penalties, and therefore he relied on the charge of abuse of patients or beneficiaries for guidance in determining the appropriate penalty range for the appellant's misconduct. IAF, Tab 4, Subtab 4s at 2. The penalty range in the table of penalties for a first offense of this type of misconduct is from reprimand to removal. IAF, Tab 13 at 4. The appellant is

---

[2] If the agency failed to produce evidence of similarly situated employees in response to the appellant's discovery requests for that information, she could have filed a motion to compel. The appellant's failure to file a motion to compel below precludes her from raising a discovery dispute for first time on review. *See, e.g.*, *Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).

correct. The table of penalties does not mandate removal. However, an agency can craft an appropriate reasonable penalty to fit misconduct that is not addressed by a specific provision of its table of penalties. *See Dolezal v. Department of the Army*, 58 M.S.P.R. 64, 69 (1993), *aff'd*, 22 F.3d 1104 (Fed. Cir. 1994) (Table). We find that, because the appellant's misconduct is not specifically contained in the table of penalties, the deciding official appropriately relied on a different charge to provide guidance as to the range of appropriate penalties. *See Phillips v. Department of the Interior*, 95 M.S.P.R. 21, ¶ 17 (2003) (finding that, when the table of penalties does not require specific penalties, it was within the deciding official's discretion to apply the misconduct listed in the table of penalties that most nearly resembled the circumstances in the appellant's case), *aff'd*, 131 F. App'x 709 (Fed. Cir. 2005). Additionally, when the range of penalties is from reprimand to removal, the table of penalties provides very little actual guidance on the appropriateness of a removal penalty. *See Culley v. Defense Logistics Agency*, 60 M.S.P.R. 204, 215 (1993). Because of the range of penalties in the table of penalties for the offense relied on by the deciding official for guidance was reprimand to removal, the table of penalties provides very little guidance as to the appropriateness of the chosen penalty.

¶11  The appellant had a 24-year career with the agency without any prior discipline. However, we find that the deciding official gave adequate consideration to the *Douglas* factors and the penalty of removal does not exceed the bounds of reasonableness. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981)[3]; IAF, Tab 4, Subtab 4s. We find no support in the record for the appellant's allegation that the administrative judge "allowed his emotions and outside facts to impact his opinion." PFR File, Tab 1 at 20. Contrary to the appellant's assertions, the Board cannot independently investigate the agency's findings in its penalty determination. *Id.* at 9. The appellant also repeatedly

---

[3] In *Douglas*, the Board identified factors relevant for consideration in determining the appropriateness of a penalty.

accuses the administrative judge of failing to consider relevant mitigating *Douglas* factors. *E.g.*, PFR File, Tab 1 at 10, 15-16. The fact that the administrative judge did not mention all of the evidence of record, though, does not mean that he did not consider it in reaching his decision. *See Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985). If the deciding official weighed the relevant factors and his judgment did not clearly exceed the limits of reasonableness, the Board must defer to the agency's judgment with regard to choosing the appropriate penalty. *Taylor v. Department of Veterans Affairs*, 98 M.S.P.R. 337, ¶¶ 7-8 (2005), *aff'd*, 175 F. App'x 335 (Fed. Cir. 2006). Here, the agency has presented evidence that it considered the relevant *Douglas* factors, including the mitigating *Douglas* factors identified by the appellant. IAF, Tab 4, Subtab 4s. Thus, we agree with the administrative judge's finding that the agency established the reasonableness of the penalty. ID at 11.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.