# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SCOTT KLIPPEL,<br>           Appellant, | DOCKET NUMBER<br>DC-0752-13-0616-I-2 |
|           v. | |
| DEPARTMENT OF HOMELAND<br>     SECURITY,<br>           Agency. | DATE: December 20, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Mordy Yankovich</u>, Esquire, Garden City, New York, for the appellant.

<u>Michael W. Gaches</u>, Esquire, and <u>Steven E. Colon</u>, Esquire, Arlington, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The agency removed the appellant from a GS-11 attorney position based on a charge of unacceptable conduct, which was supported by nine specifications. Initial Appeal File (IAF), Tab 5 at 125. Each specification alleged that the appellant sent emails that were inappropriate, threatening in nature, and likely in violation of 18 U.S.C. § 875(c).[2] *Id*.

¶3      The appellant appealed the agency's action. He did not deny that he sent the emails as specified, but he asserted that the misconduct was not sufficient to warrant removal. IAF, Tab 1. He also asserted as affirmative defenses that the agency violated his constitutional right to due process, engaged in harmful procedural error, and discriminated against him on the basis of religion. *Id*.

¶4      The administrative judge found that the agency proved the charge through the appellant's stipulation that he sent the emails identified in the specifications. Refiled Appeal File (RAF), Tab 20, Initial Decision (ID) at 8. The administrative judge found that the agency failed to prove that the appellant sent the emails

---

[2] Section 875(c) of title 18 provides that whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than 5 years, or both. 18 U.S.C. § 875(c).

while he was on duty because the time stamps on the emails suggested that they were sent in the middle of the night; however, the administrative judge found nexus between the appellant's off-duty misconduct based on the agency's internal regulations that prohibit conduct which could cause embarrassment to the agency, or cause the public and/or Transportation Security Administration to question the employee's reliability, judgment, or trustworthiness. ID at 8-15. The administrative judge also found that the agency established that the removal penalty was within the bounds of reasonableness for the sustained misconduct. ID at 15-22. Additionally, the administrative judge found that the appellant failed to prove that the agency violated his right to constitutional due process, committed harmful procedural error, or discriminated against him on the basis of religion. ID at 22-30.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    In his petition for review, the appellant contends that the administrative judge abused his discretion in limiting the hearing evidence. Petition for Review (PFR) File, Tab 1. We disagree. An administrative judge has wide discretion to control the proceedings, including the authority to exclude testimony he believes would be irrelevant, immaterial, or unduly repetitious. *Guerrero v. Department of Veterans Affairs*, 105 M.S.P.R. 617, ¶ 20 (2007); *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 8 (2000). To obtain reversal of an initial decision on the ground that the administrative judge abused his discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed. *Jezouit v. Office of Personnel Management*, 97 M.S.P.R. 48, ¶ 12 (2004), *aff'd*, 121 F. App'x 865 (Fed. Cir. 2005). The appellant failed to do so here.

¶6    The appellant asserts that the administrative judge abused his authority by disallowing witnesses that could have explained why the appellant sent the emails specified in the charge and could have testified to the appellant's excellent

performance.  PFR File, Tab 6 at 20.  However, the appellant himself could testify regarding the context in which he sent the emails, and the parties stipulated to his good performance.  The appellant has failed to show that the administrative judge disallowed any relevant testimony that could have affected the outcome.  *Jezouit*, 97 M.S.P.R. 48, ¶ 12.  Accordingly, the appellant has not shown that the administrative judge abused his discretion by denying certain witnesses.

¶7      The appellant also contends that his due process rights were violated because he was not provided with a meaningful opportunity to respond as the deciding official made the decision to remove the appellant before he made his oral reply.  The appellant based his assertion that the deciding official decided to remove him prior to hearing his response to the notice of proposed removal based on the purported fact that an agency official stated that, because of the appellant's charged misconduct, he would not be given an opportunity to be a reemployed annuitant, which was in the planning stages at about the time that the agency investigated the emails that formed the basis of the notice of proposed removal.

¶8      Due process requirements entail:  (1) written notice of the charges against the employee, with an explanation of the evidence; and (2) an opportunity for the employee to present his account of events.  *Dawson v. Department of Agriculture*, 121 M.S.P.R. 495, ¶ 9 (2014).  We agree with the administrative judge that the appellant's assertion, even if proven, does not show that the deciding official decided to remove the appellant prior to hearing his response to the notice.  The official making the purported statement was not the deciding official.  Further, the administrative judge found that the deciding official credibly testified that she was not influenced in her decision to remove the appellant by the official who allegedly told the appellant he would not have an opportunity to be a reemployed annuitant.  The Board must defer to an administrative judge's credibility determinations when, as here, they are based, explicitly or implicitly, on the

observation of the demeanor of witnesses testifying at a hearing. *Haebe v. Department of Justice*, [288 F.3d 1288](), 1301 (Fed. Cir. 2002).

¶9      The appellant also contends that he was denied due process because the deciding official considered that the appellant may have violated [18 U.S.C. § 875]()(c) without providing the express language of the statute to him. There is no dispute, however, that the notice of proposed removal listed [18 U.S.C. § 875]()(c) as among the items upon which the agency intended to rely on in support of the charge. ID at 23-24. Thus, we agree with the administrative judge, who properly found that the appellant, an attorney, was notified that the agency considered that he may have violated this statute, and that he had an opportunity to review the language of the statute prior to providing oral and written replies to the notice of proposed removal. ID at 24.

¶10     The appellant also asserts that removal is too harsh a penalty for the charged misconduct and is inconsistent with the agency's table of penalties. An agency's table of penalties is only one factor to be considered in assessing the reasonableness of a penalty. *See Phillips v. Department of the Interior*, [95 M.S.P.R. 21](), ¶ 17 (2003), *aff'd*, 131 F. App'x 709 (Fed. Cir. 2005). Moreover, the Board and its reviewing court have found that an agency's table of penalties is merely a guide and is not mandatory unless the agency has a specific statement making the table mandatory and binding rather than advisory. *Id*.; *see Farrell v. Department of the Interior*, [314 F.3d 584](), 590–92 (Fed. Cir. 2002). The appellant did not present any evidence below or on review establishing that the agency's table of penalties is mandatory and binding and not simply advisory.

¶11     The appellant further asserts that he was treated disparately from another employee who engaged in similar misconduct. To trigger the agency's evidentiary burden on disparate penalties, the appellant must show that there is enough similarity between both the nature of the misconduct and other relevant factors to lead a reasonable person to conclude that the agency treated similarly situated employees differently. *Lewis v. Department of Veterans Affairs*,

[113 M.S.P.R. 657](), ¶ 15 (2010).  However, the Board does not have hard and fast rules regarding the "outcome determinative" nature of these factors.  *Id.*; *see Boucher v. U.S. Postal Service*, [118 M.S.P.R. 640](), ¶ 20 (2012).  If the appellant makes the required showing, the agency then must prove a legitimate reason for the difference in treatment by a preponderance of the evidence before the penalty can be upheld.  *Boucher*, [118 M.S.P.R. 640](), ¶ 20.

¶12        Here, the appellant asserts that the charged misconduct is substantially similar to a comparator's possession of off-color material.  We disagree.  As the deciding official testified, the gravamen of the appellant's misconduct was the threats to inflict bodily injury on another human being and to enlist the support of others in that endeavor.  Hearing Transcript, October 28, 2014 (HT1) at 276.  Because the appellant failed to demonstrate enough similarity between both the nature of the misconduct and other relevant factors to lead a reasonable person to conclude that the agency treated similarly situated employees differently, he failed to trigger the agency's evidentiary burden under *Lewis*.[3]  Further, even had the appellant satisfied this burden, the threatening nature of the appellant's emails constitutes a legitimate reason for the difference in treatment between the appellant and the comparator.

¶13        The appellant asserts, moreover, that he established his claim of discrimination on the basis of religion through his evidence that he was treated differently than the comparator.  His assertion is unavailing.  As explained above, he failed to show sufficient similarity in the misconduct.  Additionally, the appellant failed to demonstrate that his religious beliefs were a motivating factor in the agency's determination to remove him.  The agency's counsel did ask the

---

[3] Furthermore, the record shows that the punishment meted out to the comparator was harsher than the appellant suggests.  In addition to the letter of reprimand, the comparator was taken out of the Acting Deputy Chief Counsel position, was permanently removed from consideration to be placed into the position, and was reassigned to a position where he had no contact with the public.  HT1 at 175, 178, 229, 230.

appellant questions about whether the appellant believed that his misconduct lived up to the expectations of members of his religious community. HT October 29, 2014 (HT2) at 146. The appellant answered "yes" to the question whether he believed that his religion permitted him to engage in the charged misconduct. HT2 at 147. Even if the appellant believed that his actions were consistent with his religious beliefs, he was not held to a higher standard because of those beliefs. He was only held to the agency's standards of conduct.[4]

---

[4] In denying the appellant's religious discrimination affirmative defense, the administrative judge applied the evidentiary standards set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 42-43, 51 (2015); ID at 27-32. In *Savage*, we stated that, when an appellant asserts an affirmative defense of discrimination or retaliation under 42 U.S.C. § 2000e-16, the Board first will inquire whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. *Savage*, 122 M.S.P.R. 612, ¶ 51. We further stated that, in making his initial showing, an appellant may rely on direct evidence or any of the three types of circumstantial evidence described in *Troupe v. May Department Stores Co.*, 20 F.3d 734 (7th Cir. 1994), i.e., pretext, comparator or "convincing mosaic," either alone or in combination. *Savage*, 122 M.S.P.R. 612, ¶ 51.

Recently, the U.S. Court of Appeals for the Seventh Circuit further clarified its explanation in *Troupe* that the phrase "convincing mosaic" was not meant to impose a new, separate legal requirement or to serve as a legal test, but was instead "designed as a metaphor to illustrate why courts should not try to differentiate between direct and indirect evidence." *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). Noting that the phrase "convincing mosaic" continued to be misused as a governing legal standard in cases decided after *Troupe*, *Ortiz* again rejected the proposition that "evidence must be sorted into different piles, labeled 'direct' and 'indirect,' that are evaluated differently," instead holding that "all evidence belongs in a single pile and must be evaluated as a whole." *Id.* The Board recognized the holding of *Ortiz* in *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶¶ 29-30 (2016).

Here, we find that regardless of the characterization of the evidence, the administrative judge properly found that the appellant failed to meet his burden to prove that discrimination based on religion was a motivating factor in the contested personnel action. The administrative judge properly considered the evidence, and, although he discussed the distinction between direct and indirect evidence, he did not disregard any evidence because it was not direct or indirect or treat the phrase convincing mosaic as a legal requirement. He thoroughly considered the documentary evidence and the witnesses' testimony as a whole and found no evidence that prohibited discrimination was a motivating factor in the appellant's removal. ID at 30-32.

¶14    Finally, the appellant argues for the first time on petition for review that the agency's Office of Professional Responsibility should have decided his discipline. The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has made no such showing. In any event, the appellant failed to demonstrate that he was subject to the jurisdiction of the agency's Office of Professional Responsibility.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no

later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.