## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CLAIRE WILSON,<br>    Appellant, | DOCKET NUMBER<br>SF-0752-23-0576-I-2 |
| v. | |
| DEPARTMENT OF<br>    TRANSPORTATION,<br>    Agency. | DATE:  December 17, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Christopher Forasiepi, Esquire, and Claire Cooke, Esquire, Dallas, Texas,
    for the appellant.

Lindsay M. Nakamura, Esquire, El Segundo, California, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On petition for review, the appellant argues that the administrative judge abused his discretion by failing to merge the two charges of misconduct, i.e., misrepresenting information on Government records and lack of candor. Petition for Review (PFR) File, Tab 1 at 6-7. The Board will merge charges if they are based on the same conduct and proof of one charge automatically constitutes proof of the other charge. *Shiflett v. Department of Justice*, 98 M.S.P.R. 289, ¶ 5 (2005). Here, the two charges are based on conduct by the appellant that is substantively different, specifically, making misrepresentations on her timecards versus making a misrepresentation to her supervisor. *Wilson v. Department of Transportation*, MSPB Docket No. SF-0752-23-0576-I-1, Initial Appeal File (IAF), Tab 7 at 29-31. Similarly, while the appellant objects to the agency charging her with a separate specification for each instance that she incorrectly claimed to have worked in the office, merging the 21 specifications underlying the misrepresenting information on Government records charge is not appropriate because proof of one specification does not automatically prove the remaining specifications. *Id.*; PFR File, Tab 1 at 7.

Accordingly, we find no basis to merge the charges or specifications. Nevertheless, even if merger was appropriate, the Board will generally not find reversible error in an administrative judge's case-related ruling unless it was not

consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case. 5 C.F.R. § 1201.115(c). Given that the appellant does not dispute she engaged in the misconduct alleged, there is no evidence that any resulting error affected the outcome of this case. Therefore, there is no reversible error.

The appellant also challenges the agency's penalty determination, arguing, among other things, that removal is inconsistent with the agency's table of penalties. PFR File, Tab 1 at 11. An agency's table of penalties is only one factor to be considered in assessing the reasonableness of the penalty. *See Phillips v. Department of the Interior*, 95 M.S.P.R. 21, ¶ 17 (2003), *aff'd*, 131 F. App'x 709 (Fed. Cir. 2005). Moreover, the Board and the U.S. Court of Appeals for the Federal Circuit have found that an agency's table of penalties is merely a guide and is not mandatory unless the agency has a specific statement making the table mandatory and binding rather than advisory. *Id.*; *see Farrell v. Department of the Interior*, 314 F.3d 584, 590-92 (Fed. Cir. 2002). Here, the agency's Human Resources Operating Instructions expressly allows "managers [to] deviate from [the table of penalties] if supported by the facts of a specific event." IAF, Tab 7 at 153. Additionally, the appellant's argument fails to acknowledge that she was charged with 21 specifications of misrepresenting information on Government records, as well as one specification of lack of candor. Accordingly, we discern no basis to disturb the agency's removal action.[2]

---

[2] The appellant also alleges that removal is excessive considering significant mitigating factors, such as her lack of prior discipline and her positive work performance. PFR File, Tab 1 at 8-11. It is well established that the most important factor in assessing whether the agency's chosen penalty is within the tolerable limits of reasonableness is the nature and seriousness of the misconduct and its relation to the employee's duties, position, and responsibility. *Thomas v. Department of the Army*, 2022 MSPB 35, ¶ 20. Here, the administrative judge thoroughly considered the deciding official's testimony and found that she considered the identified mitigating factors but concluded that it did not outweigh the seriousness of the appellant's misconduct. *Wilson v. Department of Transportation*, MSPB Docket No. SF-0752-23-0576-I-2, Appeal File, Tab 14, Initial Decision at 15-18. As the record evidences that the deciding official considered all relevant factors and removal is not outside the bounds of reasonableness, we discern no

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

basis to disturb the penalty determination.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:　　　　　_____
　　　　　　　　　　　　　　Gina K. Grippando
　　　　　　　　　　　　　　Clerk of the Board

Washington, D.C.