**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARVIN HAGAN, | DOCKET NUMBER |
| Appellant, | DC-0752-16-0705-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: February 27, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Marvin Hagan, APO, pro se.

Kim E. Dixon, Esquire, Scott Air Force Base, Illinois, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which upheld his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to analyze the appellant's discrimination claim under the appropriate standard, we AFFIRM the initial decision.

## BACKGROUND

¶2          The appellant was employed as a Supervisory Traffic Management Specialist, GS-2130-12, with the agency's Transportation Brigade in Izmir, Turkey. Initial Appeal File (IAF), Tab 10 at 14. On February 8, 2016, the agency proposed the appellant's removal on one charge of lack of candor (three specifications). IAF, Tab 8 at 43-46. The agency alleged that when the appellant initially pursued his position, he completed the Optional Form (OF) 306, Declaration for Federal Employment and answered question 12 untruthfully, which read:

> During the last 5 years, have you been fired from any job for any reason, did you quit after being told that you would be fired, did you leave any job by mutual agreement because of specific problems, or were you debarred from Federal employment by the Office of Personnel Management or any other Federal agency? If "Yes," use item 16 to provide the date, an explanation of the problem, reason for leaving and the employer's name and address[.]

*Id*. at 43. Specification one alleged that the appellant marked the "no" box in response to question 12, but was previously terminated from a probationary

appointment at the U.S. Army Garrison Dugway, at Dugway Proving Ground, Utah, on March 14, 2012. *Id*. at 43-44. Specification two alleged that despite answering "no" to question 12, he had an additional termination from a position at the Pensacola Navy Air Station in May 2010. *Id*. at 44. Specification three alleged that, on his Standard Form 144, completed at the same time as the OF-306, the appellant certified that "[t]he prior Federal civilian and uniformed service listed on my application/résumé and listed above constitutes my entire record of Federal employment," and that he failed to list his prior Federal service with the agency at the Dugway Proving Ground between November 7, 2011, and March 14, 2012. *Id*.

¶3        In his response to the proposal, the appellant explained that he answered "no" to the question because of a previous conversation he had with a human resources representative at the Dugway Proving Ground, wherein the representative told the appellant that the termination did not constitute a firing, and therefore, the appellant believed that he did not need to include it on the OF-306. IAF, Tab 8 at 5. To support this explanation, the appellant provided the deciding official with a February 2016 email between himself and the human resources representative wherein the two discussed the nature of a probationary termination and how it relates to an application for unemployment compensation. *Id*. at 7-8; IAF, Tab 10 at 87-88. To verify the email, the deciding official contacted the human resources representative to inquire about the alleged conversation. IAF, Tab 10 at 73.

¶4        The deciding official provided the appellant with a notice of consideration of additional material, which included the February 2016 email from the human resources representative and a previous OF-306 that the appellant completed in 2011, after his termination from the Pensacola Navy Air Station in 2010, on which he marked "yes" to question 12. *Id*. at 73-76. The appellant responded, reiterating his claim that the human resources representative told him that his termination was not considered a firing, but acknowledging that the conversation

also included a discussion regarding applications for unemployment compensation. *Id*. at 55-56. In his response, he also challenged the human resources representative's memory of the conversation. *Id*. at 56. The appellant also submitted an additional email from the human resources representative, written after the deciding official's notice of consideration of additional material, wherein the human resources representative confirms that his February 2016 email was intended to communicate his understanding of the rules applicable to applications for unemployment compensation. *Id*. at 71-72.

¶5 Approximately one week later, the deciding official issued a second notice of consideration of additional material, including another OF-306 for a position at Guantanamo Bay, Cuba, for which the appellant applied after the probationary termination from the Dugway Proving Ground but before completing the OF-306 at issue in this appeal. *Id*. at 49-52. The form showed that the appellant answered "yes" to question 12, indicating that he had been fired from a position. *Id*. at 51. The appellant responded to the notice and claimed that he marked "yes" on the Guantanamo Bay OF-306 "to keep things simple and address questions on [the] OF-306 in more detail by calling the hiring official." *Id*. at 34. He also stated that despite his earlier conversation with the human resources representative from the Dugway Proving Ground, he "did not feel [he] had sufficient knowledge" regarding the differences between a firing and a separation during a probationary period. *Id*. The appellant also stated that it was only after his time at Guantanamo Bay that he gained the information and experience that led him to answer "no" on the OF-306 at issue in this appeal. *Id*.

¶6 On June 13, 2016, the deciding official issued a decision finding that the agency proved specifications one and two but dismissing specification three as unsupported by the evidence.[2] IAF, Tab 10 at 15-17. He stated that he

---

[2] The deciding official issued a final decision on June 10, 2016, IAF, Tab 10 at 26-28, but, at the request of the appellant, rescinded the decision to allow the appellant to

considered the appellant's written and oral responses and concluded that the penalty of removal was reasonable and promoted the efficiency of the service.  *Id*. at 15.

¶7        The appellant timely appealed his removal action to the Board, arguing that the agency committed harmful procedural error and engaged in prohibited personnel practices and that the removal was in retaliation for other protected activities under 5 U.S.C. § 2302.  IAF, Tab 1 at 3.  After holding a hearing, IAF, Tab 36, Hearing Compact Disc (HCD), the administrative judge issued an initial decision sustaining specifications one and two, and therefore, the single charge of lack of candor, IAF, Tab 37, Initial Decision (ID) at 9-10.  The administrative judge also found that the penalty of removal was reasonable and promoted the efficiency of the service.  ID at 12-15.  He found, moreover, that the appellant failed to prove his discrimination claim.  ID at 10-12.

¶8        The appellant has filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tab 5.  The appellant argues that the administrative judge improperly sustained a charge of falsification rather than lack of candor and that he erred in his credibility determinations.  *Id*. at 5-6, 9-11.  The appellant also makes various arguments regarding due process, procedural error, discrimination, and the appropriateness of the penalty of removal.  *Id*. at 6-9, 11-20.  The agency has filed a response to the appellant's petition.  PFR File, Tab 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly found that the agency proved its charge.

¶9        Generally, an agency is required to prove its charges in an adverse action appeal by preponderant evidence.[3]  5 U.S.C. § 7701(c)(1)(B).  To prove lack of

---

return from overseas before the effective date of the removal, *id*. at 23-25.  The deciding official reissued an updated final decision on June 13, 2016.  *Id*. at 15-22.

[3] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

candor, the agency must demonstrate that the employee gave incorrect or incomplete information and that he did so knowingly. *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 17 (2016). Although it is a broader and more flexible concept than falsification and does not require an affirmative misrepresentation, lack of candor does involve an element of deception. *Ludlum v. Department of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002).

¶10 There is no dispute that the appellant was terminated from two different positions or that he checked "no" to question 12 on the OF-306 at issue here. IAF, Tab 8 at 48-50, 52, 57. Rather, the crux of this case deals with the appellant's intentions and explanations for why he answered "no" on that form.

¶11 To resolve that question, the administrative judge considered hearing testimony from the human resources specialist at the Dugway Proving Ground regarding the conversation he had with the appellant concerning that termination. ID at 3-5; HCD (testimony of the human resources specialist). That witness testified that it was unlikely that he told the appellant he was not fired and that it was not uncommon to speak with a terminated employee about unemployment compensation. HCD (testimony of the human resources specialist). He discussed the February 2016 emails between him and the appellant and explained that the rules applicable to unemployment compensation applications differ from those applicable to Federal employment applications. *Id.* He further testified that if he had been a terminated probationer completing a subsequent OF-306, he would find it necessary to answer "yes" to question 12. *Id.* The administrative judge also considered testimony from the director of the agency's civilian personnel office regarding the OF-306. ID at 5-6; HCD (testimony of the director of civilian personnel). She testified that answering "yes" to question 12 would not automatically result in the withdrawal of an employment offer and that she would consider a probationary termination a firing. *Id.*

¶12 The administrative judge also considered testimony from the appellant, who stated that the human resources specialist from the Dugway Proving Ground told

him that he had not been fired and could answer "no" to a question of whether he had been fired on any unemployment compensation forms. ID at 6; HCD (testimony of the appellant). He further testified that after his termination from the Dugway Proving Ground, he applied to a position at Guantanamo Bay and answered "yes" to question 12 on the OF-306 to "keep things simple," despite his earlier conversation with the human resources specialist. *Id*. He stated that it was only after his time at Guantanamo Bay that he formed the belief that he could answer "no" to question 12 on subsequent Federal employment applications. *Id*.

¶13        The administrative judge did not credit the appellant's explanations of his varying responses to question 12 and found that "there are too many contradictory events in his own behavior" to conclude that he made his representation unknowingly.[4] ID at 7. Accordingly, the administrative judge issued an initial decision finding that the agency proved specifications one and two by preponderant evidence and sustained the charge. However, instead of referring to the charge as "lack of candor," the administrative judge wrote that "the charge of falsification is sustained." ID at 9.

¶14        On review, the appellant argues that the administrative judge erred in sustaining a falsification charge. PFR File, Tab 5 at 5-6. He argues that he was not on notice of a falsification charge and that, for the administrative judge to sustain a falsification charge, the agency would have had to prove that he intended to defraud the agency, which it did failed to do. *Id*.; *see O'Lague v. Department of Veterans Affairs*, 123 M.S.P.R. 340, ¶ 6 (2016), *aff'd per curiam*, 698 F. App'x 1034 (Fed. Cir. 2017). We agree with the appellant that the administrative judge erred in his finding, but only to the extent that he mislabeled the charge by referring to it as a charge of "falsification," rather than one of "lack

---

[4] The administrative judge's finding regarding the appellant's credibility reads: "There are too many contradictory events in his own behavior to conclude that he made the representation, "YES," unknowingly." ID at 7. We find the administrative judge's using the word "yes" to be a typographical error.

of candor." In the initial decision, the administrative judge correctly discussed the charge of lack of candor, ID at 2-10, and explained that it requires proof that the appellant gave incorrect or incomplete information and that he did so knowingly, ID at 9 (citing *Fargnoli*, 123 M.S.P.R. 330, ¶ 17). Moreover, prior to the hearing, the administrative judge issued a summary of the telephonic prehearing conference wherein he provided the parties with their burdens of proof, including the correct standard for the agency to prove a lack of candor charge. IAF, Tab 28 at 2. Therefore, we find that the administrative judge's error did not prejudice the appellant's substantive rights and provides no basis for reversing the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶15 The appellant also challenges the administrative judge's credibility determinations regarding his own testimony and the human resources specialist's testimony. PFR File, Tab 5 at 9-11. Specifically, the appellant argues that he had no reason to mislead the agency for his own gain because he was hired for two other positions despite answering "yes" to question 12 on the respective OF-306s. *Id*. at 10. He also argues that the human resource specialist's testimony is inconsistent and reflects "a poor memory." *Id*. at 9-10. When an administrative judge has made credibility determinations that were explicitly or implicitly based on the witness's demeanor while testifying at the hearing, the Board must defer to those credibility determinations and may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016); *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the administrative judge appropriately relied on the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), to assess witness credibility and found the appellant to be not credible. ID at 6-10. Given the administrative judge's implicit demeanor-based findings and our considering the appellant's arguments on

review, we find that the appellant has failed to provide a "sufficiently sound" reason to disturb these conclusions.

¶16     Accordingly, we agree with the administrative judge that the agency proved the charge of lack of candor by preponderant evidence, and we will not disturb the initial decision in that regard.

The appellant failed to prove that any ex parte communications violated his due process rights.

¶17     The appellant appears to argue on review that there may have been ex parte communications between his previous employer at the Dugway Proving Grounds and the proposing and deciding officials in this case.[5]  PFR File, Tab 5 at 8, 19. He asserts that these communications had an adverse impact against him.  *Id.* at 8. He also argues that the proposing and deciding officials considered statements from his coworkers regarding his "manner of operating and [] conduct" and details surrounding a ship loading mission.  *Id.* at 14; IAF, Tab 8 at 44.  The appellant argues that these communications created a negative opinion of him in the proposing and deciding officials' minds and that he had no opportunity to address the coworkers' statements, which constituted a due process violation.[6]  *Id.* at 15.

¶18     Although an appellant's right to due process can extend to ex parte information provided to a deciding official, only ex parte communications that

_____

[5] On review, the appellant alleges that the proposing official stated in his proposal notice that "previous employers" complained about the appellant.  PFR File, Tab 5 at 6. However, upon review of the proposal notice, the proposing official referenced "co[]workers and multiple employees."  IAF, Tab 8 at 44.  Nonetheless, we will address the appellant's allegations regarding communications with previous employers.

[6] The agency argues in its response to the appellant's petition for review that the appellant failed to raise this issue below, and therefore, the Board should not consider it.  PFR File, Tab 7 at 19; *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  We have reviewed the record, and although the appellant did not actively pursue a due process claim as an affirmative defense, his prehearing submission briefly discussed his concern regarding the coworkers' statements and his inability to rebut them.  IAF, Tab 26 at 3-4.  Accordingly, we will consider his due process claim here.

introduce new and material evidence to the deciding official constitute due process violations. *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999). The ultimate question is whether the information is "so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances." *Stone*, 179 F.3d at 1377.

¶19      Regarding the appellant's speculation that the proposing or deciding official spoke with his previous employer at the Dugway Proving Grounds, the appellant has failed to present any evidence that any communications occurred at all. He did not provide any names of the parties involved in the alleged communications, nor did he provide evidence of the contents of the alleged communications.

¶20      Regarding the appellant's allegation that the deciding official relied on statements made by the appellant's coworkers concerning his manner of operating and conduct and an incident regarding a ship loading mission, the deciding official stated in his *Douglas*[7] factor analysis that he did not consider those statements for the purpose of the instant removal action, IAF, Tab 10 at 19, and the appellant did not question the deciding official on this matter at the hearing to establish otherwise, HCD (the appellant's questioning of the deciding official). Based on the foregoing, we find that the appellant has failed to prove that any ex parte communications occurred or that, if any communications did occur, they introduced new and material evidence or information that was so substantial and so likely to cause prejudice to the appellant that he could not fairly be required to be subjected to a deprivation of property under the circumstances. *Ward*, 634 F.3d at 1279-80; *Stone*, 179 F.3d at 1376-77. Therefore, we find that the appellant has failed to prove that the agency violated his due process rights.

---

[7] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board established criteria to consider when imposing a penalty.

<u>The appellant failed to prove that the agency engaged in any harmful procedural error.</u>

¶21    The appellant also argues on review that the agency committed various procedural errors. Specifically, he alleges that, despite it being standard agency procedure, the agency never asked him to recertify his OF-306. PFR File, Tab 5 at 6. He also argues that the agency failed to exercise due diligence when it did not contact prior employers as references, *id*. at 6-7, and that it mishandled his security clearance paperwork, *id*. at 8. Regarding the appellant's first two arguments, it does not appear that he raised these issues below, and generally, the Board will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Here, the appellant has failed to prove that any evidence surrounding the agency's alleged errors was not available to him below despite his due diligence.

¶22    Regarding the appellant's assertion that the agency mishandled his security clearance paperwork, the appellant appears to have raised the issue briefly in his prehearing submission, IAF, Tab 26 at 5, and we will consider it here. For a procedural error to warrant reversing an agency action, the appellant must establish that the agency committed a procedural error that likely had a harmful effect on the outcome of the case before the agency. *Powers v. Department of the Treasury*, 86 M.S.P.R. 256, ¶ 10 (2000); 5 C.F.R. § 1201.56(c). Here, the appellant has failed to show that any error in the agency's processing of his security clearance occurred at all or that it had a harmful effect on the outcome of his removal.[8] Therefore, we find that the appellant has failed to prove that the agency committed harmful procedural error.

---

[8] As to the appellant's argument that the agency committed harmful procedural error when it failed to ask him to recertify his OF-306, PFR File, Tab 5 at 6, we find that he has failed to show that it had a harmful effect on the outcome of his removal action.

<u>The appellant failed to prove his discrimination claim.</u>

¶23    The appellant also argues that his removal was the result of discrimination based on his race and religion.  PFR File, Tab 5 at 18-21.  He claims that, although he may have engaged in unrelated misconduct, other employees of another race and religion had engaged in the same conduct.  *Id*.  He argues that the agency, however, chose to remove him on the lack of candor charge so that it would not have to remove the other employees for the same unrelated misconduct.  *Id*. at 18.  He also asserts that because the proposing official had been in contact with a previous employer, and that employer allegedly had discriminated against the appellant in the past, it was reasonable to assume that the employer's communication influenced the proposing official in a discriminatory way.  *Id*. at 7-8.

¶24    The administrative judge considered the appellant's discrimination claim and found that the appellant failed to present preponderant evidence that the agency's action was due to racial discrimination.  ID at 12.  In analyzing the appellant's discrimination claim, he applied the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).  ID at 20-21.

¶25    Because the administrative judge did not also consider the appellant's discrimination claim under the motivating factor framework set forth in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, we modify the initial decision to do so.[9]  Based on our review of the record, we find that the appellant failed to meet his initial burden of showing by preponderant evidence that any prohibited consideration was a motivating factor in his removal.  He has failed to provide any evidence that the agency declined to impose discipline for the

---

Notably, he has not even alleged that he would have changed his answer on question 12 from "no" to "yes" if given the opportunity to recertify.

[9] In the summary of the telephonic prehearing conference, the administrative judge correctly informed the appellant of his burden of proof.  IAF, Tab 28 at 2-4.  Thus, the appellant was on proper notice of what he was required to prove.  *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985).

unrelated misconduct in which several employees allegedly engaged simply to avoid disciplining employees of a different race or religion than the appellant. He also has failed to present any evidence showing that the agency lied about its reasons to remove him for lack of candor, and he has failed to present any incriminating statements from agency employees in support of this claim. He has failed, moreover, to provide any evidence that the agency's general treatment of employees in the same protected classes as the appellant differs from any other class of employees who have committed similar misconduct. *See Pridgen*, 2022 MSPB 31, ¶¶ 23-25. Therefore, we agree with the administrative judge's finding that the appellant failed to prove his affirmative defense.

¶26 On review, the appellant argues that the administrative judge restricted his examination of the proposing and deciding officials to exclude questions regarding discrimination. PFR File, Tab 5 at 7. We find the appellant's argument to be meritless. Regarding the proposing official, the administrative judge explicitly informed the appellant on the record that one of the reasons the proposing official was approved as a witness to testify at the hearing was to respond to the appellant's questions concerning discrimination. HCD (statement of the administrative judge). Further, we have reviewed the hearing testimony from the deciding official, and it appears that the appellant did not pursue any line of questioning directed at his discrimination claim. HCD (the appellant's questioning of the deciding official). Therefore, we find that the administrative judge provided the appellant with a sufficient opportunity to question those two witnesses on the issue of discrimination.

¶27 The appellant further argues on review that the administrative judge erred when he only considered the appellant's allegation of race discrimination and that he also should have considered religious discrimination. PFR File, Tab 5 at 8. To the extent that the administrative judge limited his review of the appellant's discrimination claim, we find no reversible error. The appellant failed to provide any evidence of a prohibited consideration—racial or religious—and the

appellant's burden of proof as established in 42 U.S.C. § 2000e-16 is the same regardless of whether the alleged discrimination was based on race or on religion. Accordingly, we find no basis to disturb the initial decision in this regard. *See Panter*, 22 M.S.P.R. at 282 (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversing an initial decision).[10]

The penalty of removal was reasonable.

¶28    In his petition for review, the appellant renews his arguments concerning the penalty of removal. PFR File, Tab 5 at 11-17. When all of the agency's charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 11 (2010). In determining whether the selected penalty is reasonable, the Board defers to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 25 (2014). The Board recognizes that its function is not to displace management's responsibility or to decide what penalty it would impose, but to assure that management's judgment has been properly exercised and that the penalty selected by the agency does not exceed the maximum limits of reasonableness. *Id*. Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id*.

---

[10] The appellant also argues on review that he did not file an equal employment opportunity (EEO) complaint with the agency's EEO office because it informed him that any discrimination claim could be adjudicated by the Board. PFR File, Tab 5 at 18. However, the appellant has failed to provide any evidence of this assertion. Additionally, he argues that he did not strenuously pursue his discrimination claim before the Board because he feared that the Board may view his appeal negatively due to his religion. *Id*. We find this argument unpersuasive, as the appellant has offered no legal or logical reason for his presumption.

¶29      In the removal notice and hearing testimony, the deciding official emphasized the nature of the appellant's supervisory position, which meant that he was held to a higher standard of conduct. HCD (testimony of the deciding official); IAF, Tab 10 at 18-19. He also stated that the appellant's potential for rehabilitation was low because there was no way to avoid the lack of trust and confidence that the appellant's actions created. HCD (testimony of the deciding official); IAF, Tab 10 at 20-21. The deciding official also considered lesser penalties, but he believed that there would still be a lack of confidence. HCD (testimony of the deciding official). Based on the deciding official's testimony and the decision notice, the administrative judge found that he properly considered the *Douglas* factors, that the penalty of removal was within the tolerable bounds of reasonableness, and that it promoted the efficiency of the service. ID at 15.

¶30      On review, the appellant argues that the penalty of removal was too harsh and that the deciding official did not correctly consider the *Douglas* factors. PFR File, Tab 5 at 12-17. He argues that it was "a stretch" for the deciding official to claim he lost trust and confidence in him and that the deciding official provided no basis for concluding that he lacked the potential for rehabilitation. *Id.* at 13-14, 16. He also argues that the deciding official ignored mitigating factors such as the alleged discrimination. *Id.* at 16-17.

¶31      We have reviewed the record and, like the administrative judge, find no error in the deciding official's selecting removal as the appropriate penalty. The deciding official provided a sufficient discussion regarding why he lost trust and confidence in the appellant, explaining that the appellant was in a supervisory position serving overseas and, therefore, "his ethical character and trustworthiness must be beyond reproach" and "his integrity and candor cannot be compromised." IAF, Tab 10 at 30. The deciding official also explained his conclusion that the appellant lacked the potential for rehabilitation and stated that the appellant's decision to omit information when applying to the position made

him unsure that he would not omit information in the performance of his daily duties. *Id*.

¶32    Insofar as the appellant argues that the alleged discrimination should be considered a mitigating factor, we already have considered that allegation as an affirmative defense. *Supra* ¶¶ 23-25. To the extent that he is attempting to assert a disparate penalty argument on the bases of race and religion, the Board has held that appropriate comparators must have engaged in the same or similar offense as the appellant. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 10. Here, the appellant alleges that he and other employees of a different race all engaged in conduct *unrelated* to a charge of lack of candor. PFR File, Tab 5 at 18. He asserts that, if the agency had disciplined the appellant for that misconduct, instead of for lack of candor, it would have been required to discipline the other employees of a different race as well. *Id*. Thus, the appellant argues that the agency's charging him with lack of candor indicates he was treated differently from other employees so that the agency could properly remove him without having to remove others of a different race. *Id*. The appellant's argument fails, however, because the relevant inquiry for a disparate penalty analysis concentrates on the conduct charged in the disciplinary action and not on any ancillary misconduct in which the appellant and others may have engaged. *See Singh*, 2022 MSPB 15, ¶¶ 10, 17; *Douglas*, 5 M.S.P.R. at 305. There is no evidence, nor has the appellant asserted, that the alleged comparators engaged in lack of candor or any conduct similar thereto. Accordingly, we find the appellant's argument to be meritless.

¶33    Next, the appellant argues that the penalty of removal is not consistent with the agency's table of penalties. PFR File, Tab 5 at 11. Specifically, he argues that agency's table of penalties has no section that includes "lack of candor," and that its reliance on a category of misconduct concerning a refusal to cooperate in an authorized inquiry or investigation is misplaced. *Id*. at 12. He states that he was "completely open, honest, and straight forward" during an October 2015

Army Regulation 15-6 investigation. *Id.* We find the appellant's argument to be meritless. The agency's charge does not reference or include any internal investigation, but rather relies solely on the appellant's Federal employment application form. Moreover, the Board is not bound by an agency's table of penalties, and it is only one factor to be considered in assessing the reasonableness of a penalty. *Phillips v. Department of the Interior*, 95 M.S.P.R. 21, ¶ 17 (2003), *aff'd*, 131 F. App'x 709 (Fed. Cir. 2005).

¶34    After considering the appellant's arguments related to the penalty on review, we agree with the administrative judge's conclusion that the deciding official properly considered the *Douglas* factors before selecting the penalty of removal. Further, given the seriousness of a lack of candor charge and the appellant's supervisory role, we also agree with the administrative judge that the penalty of removal is within the tolerable bounds of reasonableness and promotes the efficiency of the service. *See Wrocklage v. Department of Homeland Security*, 769 F.3d 1363, 1370 (Fed. Cir. 2014) (stating that lack of candor is a serious charge that carries with it the possibility of severe penalties); *Edwards v. U.S. Postal Service*, 116 M.S.P.R. 173, ¶ 14 (2010) (expressing that agencies are entitled to hold supervisors to a higher standard than nonsupervisors because they occupy positions of trust and responsibility). Although the appellant may disagree with the penalty, none of his arguments on review provide any basis to disturb the initial decision.[11]

¶35    We have considered the appellant's other arguments on review, but we conclude that a different outcome is not warranted. Accordingly, we affirm the initial decision.

---

[11] The appellant also argues on review that the deciding official only relied on one *Douglas* factor in arriving at his decision to remove the appellant. PFR File, Tab 5 at 14. He points to the *Douglas* factors worksheet wherein the deciding official states that he "decided this removal action for the reasons stated in *Douglas* factor #1 [sic] only." *Id.*; IAF, Tab 10 at 19. However, the worksheet itself makes clear that the deciding official considered multiple factors. *Id.* at 18-21.

**NOTICE OF APPEAL RIGHTS**[12]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[12] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[13]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[13] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.