**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| THOMAS F. ADLER, | DOCKET NUMBER |
| Appellant, | NY-0752-16-0266-I-2 |
| v. | |
| DEPARTMENT OF JUSTICE, | DATE:  December 15, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joel J. Kirkpatrick, Esquire, Canton, Michigan, for the appellant.

Gregg A. Hand, Springfield, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to consider the appellant's additional claims of harmful error and to supplement the administrative judge's analysis of his disparate penalties claim, we AFFIRM the initial decision.

## BACKGROUND

¶2 Effective May 29, 2016, the agency removed the appellant from his Supervisory Criminal Investigator position with the Drug Enforcement Administration (DEA), Caribbean Division, in San Juan, Puerto Rico. *Adler v. Department of Justice*, MSPB Docket No. NY-0752-16-0266-I-1, Initial Appeal File (IAF), Tab 8 at 35, 39-40. The agency based the appellant's removal on the following five charges: (1) making false statements (1 specification); (2) conduct unbecoming a DEA Special Agent (3 specifications); (3) failure to properly supervise (5 specifications); (4) poor judgment (3 specifications); and (5) failure to follow written instructions (1 specification). *Id.* at 39-40, 157-65.

¶3 The initial decision contains a thorough discussion of the underlying circumstances surrounding the first two charges. *Adler v. Department of Justice*, MSPB Docket No. NY-0752-16-0266-I-2, Appeal File (I-2 AF), Tab 38, Initial Decision (ID) at 4-12. The appellant does not challenge that discussion on review, and we decline to repeat it in its entirety. Petition for Review (PFR) File, Tab 3 at 29. Briefly, charges 1 and 2 are related to the appellant's efforts (while serving as the Country Attaché of the Caracas Country Office in Venezuela) to

obtain an education allowance for his three children to attend the Department of Defense (DOD) Domestic Dependent Elementary and Secondary Schools (DDESS) in Fort Buchanan, Puerto Rico, for the 2007-2008 school year. IAF, Tab 8 at 157-62. The appellant indicated in his June 2007 request for an education allowance that he was pursuing such educational benefits pursuant to Department of State (DOS) Standardized Regulation 276.3, IAF, Tab 11 at 101, which prohibits an education allowance for a child in the United States who has a parent residing in the United States, except, as relevant here, "where the employee establishes that the parent residing in the [United States] is divested of legal custody of the child," IAF, Tab 12 at 91. He included with his request a sworn affidavit dated June 20, 2007, in which his wife claimed that she was "divested of all legal custody" of their children. IAF, Tab 11 at 103. The agency granted the appellant's request for an education allowance. I-2 AF, Tab 7 at 21-22. However, the notice of proposed removal states that, in accordance with DDESS and DOS regulations, the appellant's children were not eligible to attend DDESS at Fort Buchanan for the 2007-2008 school year because he was assigned to Caracas.[2] IAF, Tab 8 at 157.

¶4      The appellant appealed his removal to the Board, and he requested a hearing. IAF, Tab 1 at 1-8. He raised the affirmative defenses of a violation of due process rights and harmful procedural error, and he made a disparate penalties claim. *Id.* at 6. The appeal was dismissed without prejudice and was refiled automatically. I-2 AF, Tab 2 at 1; IAF, Tab 20, Initial Decision at 1-2.

¶5      After holding a hearing, the administrative judge issued an initial decision affirming the agency's removal action. ID at 2, 32. Specifically, she sustained all five charges and found the existence of nexus and that the penalty of removal is within the limits of reasonableness. ID at 12-27, 29-32. She further found that

_____

[2] The appellant admitted in his hearing testimony that the regulations did not allow his children to attend school in Puerto Rico at the agency's expense for the 2007-2008 school year. I-2 AF, Hearing Transcript at 526-27.

the appellant failed to prove the affirmative defenses of a denial of due process or harmful error, or his disparate penalties claim.  ID at 27-28, 31.

¶6        The appellant has filed a petition for review.  PFR File, Tab 3.  The agency has filed a response, PFR File, Tab 5, to which the appellant has replied, PFR File, Tab 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly sustained the charges.

¶7        As properly stated in the initial decision, an agency must prove its charges in an adverse action appeal by preponderant evidence.  ID at 2; *see* 5 U.S.C. § 7701(c)(1)(B).  For the following reasons, we find that the administrative judge properly sustained all five of the agency's charges.  ID at 12-27.

*Charge 1:  making false statements*

¶8        The agency charged the appellant with making false statements in his July 10, 2007 email to the Executive Assistant to the Deputy Chief of Operations, Office of Global Enforcement.  IAF, Tab 8 at 159.  Based on the appellant's request for an education allowance indicating that he had sole custody of his children and that they did not reside with him (in Venezuela), the Executive Assistant sent the appellant an email asking him to clarify with whom his children lived.  IAF, Tab 11 at 99-100.  The appellant responded that his children lived at his permanent residence in Puerto Rico, "with their grandparents who care for them and transport them daily to their current school," and that such childcare arrangements had been in effect since his arrival as the Country Attaché of the Caracas Country Office in November 2006.  *Id.* at 99.  The appellant further represented that his spouse transferred custody of their children to him "because she has a teaching contract that routinely takes her off-island for lengthy periods."  *Id.*

¶9        As properly explained in the initial decision, to establish a charge of misrepresentation, falsification, or lying, an agency must prove that the employee

(1) supplied wrong information, and (2) knowingly did so with the intention of defrauding, deceiving, or misleading the agency for his own private material gain. ID at 14; *see Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶¶ 10-12 (2014). Here, the administrative judge found that the agency proved that the appellant intentionally made false statements in his July 10, 2007 email to the Executive Assistant for his own private material gain, i.e., obtaining an education allowance. ID at 14. In making that finding, the administrative judge relied on the Executive Assistant's sworn statement dated June 3, 2008, and the hearing testimony of the appellant, his wife, and his wife's childhood friend. ID at 12-14; IAF, Tab 11 at 113-15; I-2 AF, Hearing Transcript (HT). In particular, the Executive Assistant stated that it was her belief that the appellant's wife "did not live with the children." IAF, Tab 11 at 113. The appellant's wife testified that, before and after she signed the divestiture affidavit in June 2007, she resided with the children and took care of them. HT at 414-18 (testimony of the appellant's wife). She further testified that, in the summer of 2007, she did not have a job outside of Puerto Rico. HT at 420-23 (testimony of the appellant's wife). The friend of the appellant's wife testified that she worked for a teaching program in Illinois and that no formal offer of employment was made to the appellant's wife. HT at 430-31, 436 (testimony of the appellant's wife's friend).

¶10      In his petition for review, the appellant argues that the administrative judge erred in sustaining the false statements charge because the evidence does not prove that he made a false statement with an intent to deceive the agency. PFR File, Tab 3 at 5-7, 13, 18-20, 23, Tab 7 at 4. Specifically, the appellant makes the following claims on review: his wife testified that she had intended to take a teaching position in Illinois for the upcoming school year starting in September 2007; the undisputed testimony demonstrates that his wife was planning to relocate to the United States in the weeks before June 20, 2007; the hearing testimony does not support the administrative judge's conclusion that his wife did not have a job offer outside of Puerto Rico on July 10, 2007; he testified

that "everything that was required by the rules at the time to obtain the [education allowance] occurred"; and the former Special Agent in Charge (SAC) V.G. testified that former SAC J.H. would have approved his request for an education allowance. PFR File, Tab 3 at 5-6, 19, Tab 7 at 5-6. The appellant further alleges that the administrative judge failed to consider that he had "numerous telephone conversations" with the Executive Assistant concerning his children's schooling. PFR File, Tab 7 at 6.

¶11 After considering the appellant's arguments on review, we discern no reason to disturb the initial decision. We find that the appellant provided an inaccurate response to the Executive Assistant's inquiry into his children's living situation because he did not reveal that his wife lived with and cared for them in Puerto Rico. Moreover, the administrative judge acknowledged as true that the appellant's wife wanted to return to the United States and was interested in the teaching program. ID at 14. However, the administrative judge correctly analyzed the appellant's email as stating that his wife had a teaching contract that routinely required her to be off the island, and not stating that she might obtain employment outside of Puerto Rico in the future. *Id.* Further, we find that the above-described hearing testimony of the appellant's wife and her friend supports the administrative judge's conclusion that his wife did not have a job offer outside of Puerto Rico on July 10, 2007. *Id.* Therefore, we find that the appellant falsely stated in his email that his wife "has a teaching contract that routinely takes her off-island for lengthy periods." IAF, Tab 11 at 99.

¶12 In addition, as properly explained in the initial decision, the element of intent may be established by circumstantial evidence, and whether intent has been proven must be resolved from the totality of the circumstances. ID at 14; *see Hawes v. Office of Personnel Management*, 122 M.S.P.R. 341, ¶ 21 (2015). Here, the administrative judge properly considered the appellant's testimony that he and his wife did not intend to deceive the agency and that his wife signed the divestiture affidavit because she was planning to leave Puerto Rico. ID at 13; HT

at 491-94, 505 (testimony of the appellant).  Further, we acknowledge that the appellant testified regarding his belief that he was eligible for an education allowance and that the children would be taken care of by their grandparents in Puerto Rico when his wife left to teach in Illinois.  HT at 544, 557, 560, 562 (testimony of the appellant).  However, we agree with the administrative judge's finding that the agency proved the requisite element of intent.  ID at 14.  We find that, to support his request for an education allowance, the appellant made misrepresentations to the agency regarding his wife's involvement with the children with a reckless disregard for the truth or with a conscious purpose to avoid learning the truth.  *See Boo*, 122 M.S.P.R. 100, ¶ 10 (stating that intent may be inferred when an appellant makes a misrepresentation with a reckless disregard for the truth or with a conscious purpose to avoid learning the truth).  Thus, the appellant's allegedly mistaken belief that he qualified for an education allowance based on his anticipation of future events does not preclude finding intent.  Notably, the Executive Assistant stated in her sworn statement that, based on the appellant's response and the divestiture affidavit, she was satisfied that "he had complied with regulations."  IAF, Tab 11 at 113.  Moreover, we find that the appellant's arguments regarding having many telephone conversations with the Executive Assistant and testimony speculating that former SAC J.H. would have approved his request for an education allowance fail to provide a reason to disturb the initial decision.  Accordingly, we find that the administrative judge properly sustained charge 1.

*Charge 2:  conduct unbecoming a DEA Special Agent*

¶13    The conduct unbecoming charge contains three specifications.  IAF, Tab 8 at 160-62.  Regarding specification 1, the agency alleged that the appellant obtained Diplomatic passports in the summer of 2007 for his children, who used the passports to travel to Caracas, Venezuela, on August 6, 2007, before departing for school in Puerto Rico on August 11, 2007.  *Id*. at 160.  The agency further alleged that the children were not entitled to receive the Diplomatic passports

because they did not accompany the appellant to his Caracas assignment and were not residing with him at any time in Caracas. *Id.* Regarding specification 2, the agency claimed that the appellant requested reimbursement for travel expenses incurred by his wife and children when they visited Caracas in August 2007. *Id.* at 160-61. The agency further claimed that the sole purpose of their trip was to obtain educational benefits to which the children were not entitled. *Id.* Regarding specification 3, the agency asserted that the appellant obtained an education allowance for his children's attendance at the DDESS in Fort Buchanan, Puerto Rico, for the 2007-2008 school year and that he was not entitled to such educational benefits. *Id.* at 161-62.

¶14     For the reasons described in the initial decision, we find that the administrative judge properly sustained all three specifications of the conduct unbecoming charge. ID at 15-17; IAF, Tab 10 at 99-112; I-2 AF, Tab 7 at 5-11, 15-22, Tab 10 at 14-16; HT at 483-84, 490, 571-76 (testimony of the appellant); *see also Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010) (observing that a charge of conduct unbecoming has no specific elements of proof and is established by proving that the employee committed the acts alleged in support of the broad label).

¶15     The appellant argues on review that charges 1 and 2 are "inextricably linked" such that, if the Board determines that the false statements charge cannot be sustained, then the conduct unbecoming charge also cannot be sustained. PFR File, Tab 3 at 7. Specifically, he asserts that, if he did not have an intent to deceive the agency regarding his eligibility for educational benefits, then both charges must fail. *Id.* at 29-30. We are not persuaded by this argument because, as described above, we find that the administrative judge properly sustained the false statements charge and correctly found that the agency proved intent regarding that charge. Moreover, the Board has noted that a charge of conduct unbecoming does not involve an element of intent. *Boo*, 122 M.S.P.R. 100, ¶ 14.

¶16 In addition, the appellant disputes the administrative judge's finding that his claim that the Executive Assistant ordered him to have his children report to Caracas lacks merit. PFR File, Tab 7 at 6; ID at 16. For the reasons described in the initial decision, we agree with that finding. ID at 16. In particular, the administrative judge explained that the information provided by the Executive Assistant was based on the appellant's own misleading statements. *Id.*

> *Charges 3-5: failure to properly supervise, poor judgment, and failure to follow written instructions*

¶17 For the reasons described in the initial decision, we find that the administrative judge properly sustained the remaining charges of failure to properly supervise,[3] poor judgment, and failure to follow written instructions.[4] ID at 17-27.

The appellant has failed to prove the affirmative defenses of a violation of due process rights and harmful error.

¶18 An appellant bears the burden of proving an affirmative defense by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(C). Here, the administrative judge found that the appellant failed to prove the affirmative defenses of a denial of due process or harmful error based on the deletion of his agency email account.

---

[3] The administrative judge sustained two of the five specifications of the charge of failure to properly supervise; thus, she properly sustained that charge. ID at 17-22; *see Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (holding that, when more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge).

[4] For the first time in his reply to the agency's response to the petition for review, the appellant challenges the administrative judge's findings regarding charges 3-5. PFR File, Tab 7 at 6-8. The agency did not raise a factual or legal issue regarding those charges in its response. PFR File, Tab 5. Therefore, we decline to consider the appellant's arguments regarding charges 3-5 that he raised in his reply. *E.g., Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 22 n.3 (2016) (declining to consider the agency's arguments that it raised for the first time in its reply to the appellant's response to the petition for review); *see also* 5 C.F.R. § 1201.114(a)(4) (providing that a reply to a response to a petition for review is limited to the factual and legal issues raised by another party in the response, and that it may not raise new allegations of error).

ID at 27-28. The appellant disputes that finding on review and reasserts his claims that the agency committed harmful procedural error and violated his due process rights by deleting his email account, which allegedly resulted in the loss of exculpatory evidence. PFR File, Tab 3 at 20-23, Tab 7 at 4-6; I-2 AF, Tab 5 at 31-33.

¶19 For the reasons described in the initial decision, we agree with the administrative judge's finding that the appellant failed to prove his due process or harmful error claims. ID at 27-28. In particular, the record shows that the agency provided the appellant with notice of the charges underlying his proposed removal, an explanation of and access to the agency's evidence, and an opportunity to respond orally and in writing to the deciding official before he was removed. IAF, Tab 8 at 39, 43, 45, 75-153, 157-69; *see Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985) (finding that the essential requirements of constitutional due process for a tenured public employee are notice of the charges against him, an explanation of the evidence, and an opportunity for him to present his account of events). Moreover, the administrative judge properly relied on the deciding official's undisputed testimony that he did not consider anything that was not provided to the appellant and that any missing emails would not have negated the appellant's responsibility to tell the truth. ID at 27-28; HT at 109, 119-20 (testimony of the deciding official); *see* 5 C.F.R. § 1201.4(r) (defining "harmful error" as an error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error).

¶20 The appellant further raises on review the following allegations of harmful procedural error that were not addressed in the initial decision: documents that the Program Analyst referenced in her interview statement were not included in the report of investigation (ROI) despite her testimony that she provided the documents to agency investigators; the ROI contains a fraudulent document

attributed to the DDESS in Fort Buchanan, as testified by the school's Registrar; the deciding official could not account for the significant lapse of time from when the agency initiated its investigation in 2007, until the appellant's removal in 2016; agency investigators failed to re-interview the appellant during the supplemental investigation and failed to interview his wife, a Foreign Support Specialist, and a State Department official; and agency investigators failed to keep a record of interviews with key witnesses that were conducted.[5]  PFR File, Tab 3 at 20-23, Tab 7 at 4-6, 8.  As follows, we modify the initial decision to consider those additional claims of harmful error.

¶21    Even assuming, without deciding, that the agency committed the procedural errors discussed above, we find that the appellant has failed to prove that such errors were harmful, i.e., that they caused substantial harm or prejudice to his rights.  *See* 5 C.F.R. § 1201.4(r).  Specifically, the deciding official testified that, although he read the Program Analyst's interview statement, he thought he had enough information to make a decision despite the missing documents referenced in her statement.[6]  HT at 129-31 (testimony of the deciding official); IAF, Tab 12 at 53.  The deciding official further testified that, even if the DDESS document were fraudulent, it would not negate the false statements that the appellant made

_____

[5] In his prehearing submission, the appellant timely raised the issues of the lengthy investigation, the agency's failure to re-interview him and to keep a record of interviews, and the missing documents referenced in the Program Analyst's interview statement.  I-2 AF, Tab 5 at 9-12.  The administrative judge did not issue a prehearing conference summary limiting the issues before the Board, and it appears that the appellant raised the above-described claims during the hearing.  Accordingly, we find that those claims were timely raised before the close of the record.  *See* 5 C.F.R. § 1201.59 (providing that, when there is a hearing, the record ordinarily will close at the conclusion of the hearing).

[6] We find that the appellant has failed to prove his assertion on review that the agency relied on the missing documents referenced in the Program Analyst's interview statement.  PFR File, Tab 3 at 22.  In particular, the appellant does not dispute the deciding official's testimony that he did not see the documents referenced in the Program Analyst's interview statement and that he did not consider anything that was not provided to the appellant.  HT at 109, 130-31 (testimony of the deciding official).

to the Executive Assistant. HT at 137-39 (testimony of the deciding official); IAF, Tab 10 at 118-20. Moreover, we find that the appellant has failed to prove that substantial harm or prejudice to his rights resulted from the lapse of time from when the agency initiated its investigation, until his removal, or from the agency's failure to re-interview him, to interview other witnesses, and to keep a record of key witness interviews. In particular, the appellant had the opportunity at the hearing to testify on his behalf and to examine and cross-examine witnesses, including his wife.

The agency proved nexus and the reasonableness of the penalty.

¶22    The appellant does not dispute, and we discern no reason to disturb, the administrative judge's finding that the agency proved the existence of a nexus between the sustained misconduct and the efficiency of the service. ID at 2, 29; *see* 5 U.S.C. § 7513(a); *see also Connett v. Department of the Navy*, 31 M.S.P.R. 322, 328 (1986) (finding that falsification is inherently destructive of the agency's faith in an employee's trustworthiness and honesty, which are essential elements in the employer-employee relationship), *aff'd*, 824 F.2d 978 (Fed. Cir. 1987) (Table).

¶23    However, the appellant challenges the reasonableness of the penalty on review by reasserting his disparate penalties claim and by alleging that the deciding official failed to consider alternative sanctions. PFR File, Tab 3 at 7, 24-28, 30-33; I-2 AF, Tab 5 at 33, 38-39. For the reasons described in the initial decision, we agree with the administrative judge's finding that the deciding official properly considered the relevant *Douglas* factors,[7] including the mitigating circumstances of the appellant's length of service and the lack of a prior disciplinary record. ID at 29-31; HT at 95 (testimony of the deciding official). We find that the appellant incorrectly asserts that the deciding official

---

[7] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of 12 relevant factors to be considered in determining the appropriateness of an imposed penalty.

testified that he did not consider alternative sanctions. PFR File, Tab 3 at 27. Based on our review of the hearing testimony, we find that the administrative judge properly characterized the deciding official's testimony as stating that he considered imposing a penalty other than removal, such as a demotion. ID at 31; HT at 96 (testimony of the deciding official). Thus, we find that the deciding official properly considered alternative sanctions. Moreover, we agree with the administrative judge's finding that the penalty of removal is within the limits of reasonableness. ID at 32; *see, e.g.*, *Phillips v. Department of the Interior*, 95 M.S.P.R. 21, ¶ 18 (2003) (holding that the agency's removal penalty for the sustained charge of falsification was within the bounds of reasonableness), *aff'd*, 131 F. App'x 709 (Fed. Cir. 2005).

> *We modify the initial decision to supplement the administrative judge's analysis of the appellant's disparate penalties claim.*

¶24    The consistency of the penalty with those imposed upon other employees for the same or similar offenses is one of the factors for consideration in determining the reasonableness of the penalty. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981). The appellant submitted exhibits N through W, as evidence of alleged comparator employees for purposes of his disparate penalties claim. I-2 AF, Tab 11 at 48-72, Tabs 12-13, Tab 14 at 4-11. The administrative judge found that the alleged comparators were not sufficiently similar to the appellant to lead a reasonable person to conclude that he was treated differently than similarly situated employees. ID at 31. In considering the disparate penalties claim, the administrative judge cited *Ellis v. U.S. Postal Service*, 121 M.S.P.R. 570, ¶ 11 (2014), for a proposition set forth in *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶¶ 15-16, 18 (2010). ID at 31.

¶25    Since the issuance of the initial decision, the Board has issued *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶¶ 10-18, a precedential decision reinstating our former law governing the analysis of disparate penalties claims and overruling *Lewis* and other decisions. As follows, we modify the initial decision to analyze

the appellant's disparate penalties claim consistent with *Singh*. The fact that two employees come from different work units and/or supervisory chains remains an important factor in determining whether it is appropriate to compare the penalties they are given. *Id.,* ¶ 13. In most cases, employees from another work unit or supervisory chain will not be proper comparators. *Id.* There must be a close connection between the misconduct or some other factor for an employee from another work unit or supervisory chain to be a proper comparator for disparate penalty purposes. *Id.*

¶26　　　　Here, we find that the appellant has failed to allege a valid comparator because none of the proffered employees purportedly engaged in "the same or similar offenses," i.e., a supervisory law enforcement officer who intentionally made false statements, engaged in conduct unbecoming and poor judgment, and failed to properly supervise and to follow instructions. *Douglas*, 5 M.S.P.R. at 305; PFR File, Tab 3 at 25-28; *see Singh*, 2022 MSPB 15, ¶ 17 (observing that the Board should not attempt to weigh the relative seriousness of various offenses in order to determine whether two employees who committed different acts of misconduct were treated disparately). Therefore, we find that the appellant has failed to establish that the agency imposed disparate penalties. We further find that the deciding official's testimony that he searched for, but did not find, comparable cases of employees charged with similar misconduct proves that the agency considered the corresponding *Douglas* factor. HT at 82-87 (testimony of the appellant); *see Douglas*, 5 M.S.P.R. at 305.

¶27　　　　Accordingly, we affirm the agency's removal action.

## NOTICE OF APPEAL RIGHTS[8]

　　　　The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[9]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Jennifer Everling*

_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.